IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICKY BADLEY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:21-CV-1204-O |
| | § | (NO. 4:20-CR-246-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Came on for consideration the motion of Ricky Badley, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:20-CR-246-O, and applicable authorities, finds that the motion should be denied.

**I.    BACKGROUND**

The record in the underlying criminal case reflects the following:

On September 16, 2020, movant was named in a one-count indictment charging him with stalking, in violation of 18 U.S.C. § 2261A(2)(B). CR Doc.[1] 14. On October 13, 2020, movant was named in a two-count superseding information charging him in count one with stalking, in violation of 18 U.S.C. § 2261A(2)(B), and in count two with possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). CR Doc. 22. Movant and his counsel signed a waiver of indictment, CR Doc. 25, a factual resume, CR Doc. 26, and a plea agreement, CR Doc. 27, all of which were filed. The factual resume set forth that movant was pleading guilty

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:20-CR-246-O.

to the counts of the superseding information, the penalties that might be imposed for each offense, the elements of each offense, and the stipulated facts establishing that movant had committed each offense. CR Doc. 26. Likewise, the plea agreement set forth the penalties that might be imposed. CR Doc. 27 at 2–3. It also apprised movant that the sentences would be within the Court's discretion and that the guidelines were advisory only. *Id.* at 3. The government agreed not to bring any other charges against movant based on the conduct underlying and related to the guilty plea. *Id.* at 6. Movant waived his right to appeal and to contest the conviction or sentence in any collateral proceeding, except in very limited circumstances. *Id.* at 7. The plea agreement reflected that it was freely and voluntarily made, that movant had thoroughly reviewed all aspects of his case with his counsel, and that movant was satisfied with his counsel's representation. *Id.*

On October 19, 2020, movant entered his plea of guilty to both counts of the superseding information. CR Doc. 28. The Magistrate Judge issued a report and recommendation that the guilty plea be accepted. CR Doc. 30. No objections were filed and the Court accepted the guilty plea. CR Doc. 33.

The probation officer prepared the presentence report ("PSR"), which included an extremely lengthy description of movant's very disturbing conduct. CR Doc. 34, ¶¶ 12–67. Based on a total offense level of 27 and a criminal history category of I, movant's guideline range was 70 to 87 months. *Id.* ¶ 146. The PSR included a discussion of factors that might warrant departure or a sentence outside the advisory guideline system. *Id.* ¶¶ 161, 162. Movant filed objections, CR Doc. 36, and the probation officer prepared an addendum to the PSR. CR Doc. 38. The probation officer filed a second addendum to include victim impact statements. CR Doc. 40.

On February 5, 2021, movant appeared for sentencing. CR Doc. 43. Movant and his counsel had an opportunity to address the Court and movant spoke extensively. CR Doc. 49 at 29–33. The Court upwardly varied to sentence movant to a term of imprisonment of sixty months as to count one and imposed a sentence of seventy-one months as to count two, to be served consecutively. *Id.* at 33–34; CR Doc. 44. In addition, the Court imposed a term of supervised release of three years as to count one and a term of twenty-five years as to count two, to be served concurrently. CR Doc. 49 at 35; CR Doc. 44. Movant did not appeal, having waived the right to do so.

## II.   GROUNDS OF THE MOTION

Movant asserts four grounds in support of his motion. First, he alleges that he received ineffective assistance of counsel. ECF No. 1 at 4.[2]  Second, movant was denied access to counsel during the sentencing hearing. *Id.* at 5. Third, the undersigned used the second charge to go over the maximum allowed by law on the first charge. *Id.* at 6. And, fourth, the Court overstepped its bounds in assessing supervised release. *Id.* at 8.

## III.   APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action. The page number reference is to "Page __ of 13" shown at the top right portion of the document and is used because the numbers on the form used by movant are not the actual page numbers of the document.

jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that

4

counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

In support of his first ground, movant alleges that his counsel did not relay to the Court all of the things movant wanted counsel to say. Movant says that he spoke first at sentencing (before his attorney spoke) and was not able to remind his attorney of what to say because he was too far away to do so.[3] (Movant was seated in the jury box and his attorney was at the counsel table due to COVID-19 protocols.) In addition, he alleges that his attorney did not tell movant's family that they could speak at sentencing, so they were not as prepared as the victim's family to speak. ECF No. 1 at 4. Even if true, movant's allegations do not state a violation of constitutional magnitude. Movant does not identify any specific information he wanted conveyed to the Court, much less explain how such information would have made the slightest difference in the sentence he received. He does not explain how the statements by his family members would have had a different impact. The record does not reflect any hesitancy or unpreparedness by any of them in making their presentations. CR Doc. 49 at 22–27. They had also sent letters and could have conveyed whatever they thought the Court should consider. *Id.* at 22. Movant's conclusory

---

[3] The Court notes that counsel spoke first at sentencing and movant followed. Movant had the opportunity to present whatever information he thought relevant. CR Doc. 49.

5

allegations are wholly insufficient to meet his burden under *Strickland*. *United States v. Kayode*, 777 F.3d 719, 724 (5th Cir. 2014); *Miller*, 200 F.3d at 282.

The matters raised in movant's second, third, and fourth grounds are matters that should have been raised on appeal. A § 2255 motion is not a substitute for appeal. *Brown v. United States*, 480 F.2d 1036, 1038 (5th Cir. 1973). Movant has made no attempt to show cause and prejudice to be able to raise those grounds here. *Shaid*, 937 F.2d at 232. Thus, the claims are procedurally barred. *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000).

Even if he could overcome the procedural bar, movant waived the right to raise his second, third, and fourth grounds. CR Doc. 27 at 7. The record reflects that the waiver was knowing and voluntary. There is no reason why it should not be enforced. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Finally, even if the grounds could be properly raised, they have no merit. As stated, movant does not identify any specific information he needed to discuss with his attorney or that his attorney needed to convey to the Court. There is no reason movant could not have asked to speak with counsel if he had any concerns. Movant's general complaints about his sentence concern the Court's exercise of discretion to impose an appropriate sentence. The Court explained its sentence and why that sentence would have been imposed notwithstanding the guidelines. CR Doc. 49 at 33–39. Movant has not shown that the Court abused its discretion in imposing a sentence within the statutory range. *Beckles v. United States*, 137 S. Ct. 886, 893 (2017).

## V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in movant's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 8th day of September, 2022.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**